UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONTE C. HOISINGTON,<br><br>                          Plaintiff,<br><br>    v.<br><br>ROBIN WILLIAMS, et al.,<br><br>                          Defendants. | No. 09-5630 RJB/KLS<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO STAY DISCOVERY |

Before the Court is Defendants' motion to stay discovery of this matter pending submission of a dispositive motion. Dkt. 20. For the reasons stated below, the Court finds that the motion should be denied.

*DISCUSSION*

Plaintiff served defendants with a motion to request class action certification (Dkt. 19) on January 26, 2010 and discovery requests on February 1, 2010. Dkt. 20, p. 1. The court issued a Pretrial Scheduling Order on January 11, 2010. Dkt. 18. Defendants propose to file a dispositive motion within thirty to sixty days, in which they will raise the defense of qualified immunity. Dkt. 20, p. 2. Defendants assert that they should not have to respond to discovery requests and procedural motions until this court rules on the issue of qualified immunity and whether the suit against Defendants will proceed. *Id.* Defendants filed their response to Plaintiff's motion to request class action certification. Dkt. 25.

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin*, supra, 889 F.2d at 926. The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S.at 817.

The *Harlow* ruling and its discussion of discovery restrictions was directed to the question of damages, not equitable relief. *Harlow*, 457 U.S. at 819 n. 34, 102 S.Ct. at 2739 n. 34. See *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1175-76 (9th Cir.1984). As the Fourth Circuit has noted, "[a] present declaration of immunity from damage claims cannot avoid the diversion of [the officials'] attention from other official duties which the litigation [of the equitable claims] will occasion." *Bever v. Gilbertson*, 724 F.2d 1083, 1087 (4th Cir.1984). Thus to the extent Plaintiff seeks discovery relating to his claims for equitable relief, defendants' request for a stay of discovery is without merit. As a practical matter, such a stay would be meaningful only if the damages discovery was significantly different from the discovery directed to the equitable claims.

ORDER GRANTING MOTION TO STAY DISCOVERY - 2

Accordingly, the court finds that the requested stay should not be granted.  However, it will defer consideration of Plaintiff's motion requesting class action certification until after the court has ruled on Defendants' motion to dismiss raising the issue of qualified immunity.

Accordingly, it is **ORDERED:**

(1) Defendants shall file a dispositive motion **on or before April 30, 2010.**

(2) Defendants' motion for stay of discovery (Dkt. 20) is **DENIED.**

(3) Plaintiff's motion for class certification (Dkt. 19) is **renoted for June 11, 2010.**

(4) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this   15th   day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 3