UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONTE HOISINGTON,

           Plaintiff,

    v.

ROBIN WILLIAMS, *et al.,*

           Defendants.

Case No. C09-5630RJB

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

      This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 35.  The court has considered the Report and Recommendation, plaintiff's objections (Dkt. 36), defendants' response (Dkt. 37), and the file herein.

      Plaintiff is a resident of the Special Commitment Center (SCC), detained or committed under Washington's sexually violate predator statute, RCW 71.09.  The SCC is located on McNeil Island.  Plaintiff filed this civil lawsuit, contending that SCC's strip search policy, which requires that he be strip searched when he leaves McNeil Island on the ferry for transport to off-island medical appointments, and when he returns to McNeil Island after the appointments, violates his constitutional rights.

      On August 16, 2010, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, concluding that the SCC's strip search policy did/does not violate plaintiff's constitutional rights.  Dkt. 35.  Judge Strombom carefully analyzed the rights asserted by plaintiff and the security interests of the SCC.  *See* Dkt. L35, at 7-17.  The court has conducted a *de novo* review of the

ORDER
Page - 1

record, and concurs with the analysis and conclusions of the magistrate judge.

In his objections, plaintiff contends that the strip searches and off-island transport conducted by Department of Corrections staff violate the terms of the injunction issued by Judge William Dwyer in *Turay v. Seling*, C91-664WD. That is not the case. In concluding that the state defendants had established the SCC as a secure treatment environment, separate from the prison, and not a prison, Judge Dwyer recognized that there were ways in which the Department of Corrections staff interacted with SCC residents. *Turay v. Seling*, C91-664WD, Dkt. 1528, at 29. In relevant part, Judge Dwyer found that "[i]f a resident has the occasion, or the opportunity, to travel to and from McNeil Island, MICC [Department of Corrections staff] provides the transportation personnel and facilities, and regulates the process." *Turay v. Seling*, C91-664WD, Dkt. 1528, at 29. "In some instances residents are confined to hospitals off the island, and while there, are in the custody of MICC security staff." *Turay v. Seling*, C91-664WD, Dkt. 1528, at 29. Plaintiff's contention that the *Turay v. Seling* case prohibits Department of Corrections staff from strip searching and transporting SCC residents off-island to medical appointments is without merit.

The court should adopt the Report and Recommendation of the magistrate judge, grant defendants' motion for summary judgment, and dismiss the case.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 35) is **ADOPTED.** Defendants' motion for summary judgment (Dkt. 28) is **GRANTED.** This case is **DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of September, 2010.

Robert J. Bryan
United States District Judge